IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| JACQUELINE ESTY, | ) | Case Number: 17-33383 |
| Debtor. | ) | Chapter 13 |
| | | |
| JACQUELINE ESTY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding Number |
| NATIONSTAR MORTGAGE, LLC, dba MR. COOPER, and ALBERTELLI LAW, | ) ) | _____ |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Jacqueline Esty (hereinafter "Plaintiff"), by and through undersigned counsel, and presents this complaint for damages and injunctive relief against Defendants, Nationstar Mortgage, LLC, dba Mr. Cooper, ("Defendant Mr. Cooper") and Albertelli Law ("Defendant Albertelli") (collectively "Defendants"), and for their violation(s) of the automatic stay provisions of 11 U.S.C. §362(a), contempt of court, and/or of the provisions of 15 U.S.C. §1692, *et seq.,* as is applicable to said Defendants, stating as follows:

### INTRODUCTION

1. Plaintiff seeks declaratory and monetary relief as a result of Defendants' concerted, continuing and unlawful collection efforts during the pendency of the underlying

bankruptcy case and continue through the present time. Plaintiff seeks such relief by and through 11 U.S.C. §§362(a) and 15 U.S.C. §1692, *et seq.* as is applicable.

2. Plaintiff seeks actual, compensatory, and punitive damages, as appropriate, for Defendants' violation(s) of 11 U.S.C. §362(a), contempt of court, and/or of the provisions of 15 U.S.C. §1692, *et seq.,* as is applicable to said Defendants. Further, Plaintiff seeks attorney fees, costs and expenses of this action pursuant to 11 U.S.C. §362(k).

## JURISDICTION

3. Pursuant to 28 U.S.C. §§157, 1331 and 1334, this Honorable Court has jurisdiction over the core claims within this proceeding. To the extent this proceeding addresses non-core claims, Plaintiff consents to the entry of a Final Order by this Honorable Court.

4. Venue is proper in the United States Bankruptcy Court for the Middle District of Alabama pursuant to 28 U.S.C. §§1391 and 1409 since the claims arise from a bankruptcy proceeding in this District, all or a substantial part of the events or omissions giving rise to this claim occurred in this District, and the Defendants are subject to the jurisdiction of this Honorable Court.

## PARTIES

5. Plaintiff, Jacqueline Esty, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States District Court for the Middle District of Alabama, and is a debtor in the underlying Bankruptcy Proceeding.

Page 2 of 17

Case 17-33383    Doc 42    Filed 01/27/20    Entered 01/27/20 08:47:45    Desc Main
Document    Page 2 of 17

6. Defendant, Nationstar Mortgage, LLC, dba Mr. Cooper, is a Foreign Corporation, has a principal place of business at 8950 Cypress Waters Boulevard, Coppell, TX 75019, and is engaged in the business of financing mortgage loans and buying and/or collecting debts owed or alleged to be owed by consumers. Defendant Mr. Cooper is a "creditor" pursuant to the definition provided within 15 U.S.C. §1692(a)(4).

7. Defendant, Albertelli Law, is a corporation organized under the laws of the State of Alabama, has a principal place of business at 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609, and is real estate law firm. Defendant Albertelli is a "debt collector" pursuant to the definition provided within 15 U.S.C. §1692(a)(6).

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

9. On November 21, 2017, Plaintiff filed a Voluntary Petition (hereinafter, "the Petition") under Chapter 13, Title II, of the United States Code, more specifically identified by Case Number 17-33383 in the United States Bankruptcy Court for the Middle District of Alabama.

10. As a result of said filing, relief pursuant to the automatic stay provisions of 11 U.S.C. §362(a) was granted to Plaintiff.

11. Within Schedule D of the Petition filed in the underlying Bankruptcy Proceeding, Plaintiff identified Defendant Mr. Cooper as the holder of a secured claim related to a mortgage executed by Plaintiff on property located at 4001Pickfair Street, Montgomery, AL 36116.

12. On December 27, 2018, Defendant Mr. Cooper filed its Proof of Claim #8 wherein it claims an indebtedness from Plaintiff in the amount of $81,323.14, including arrears in the amount of $4,639.43.

13. Plaintiff's Chapter 13 Plan (hereinafter "Plan") filed in the underlying Bankruptcy Proceeding provides for pre-petition arrearage owed to Defendant Mr. Cooper to be paid through the Plan with post-petition payments to Defendant Mr. Cooper to be paid directly by Plaintiff.

14. On March 8, 2019, Defendant Mr. Cooper, through their attorney, Rubin Lublin, LLC, (Defendant Mr. Cooper's Bankruptcy Counsel) filed a Motion for Relief from Automatic Stay and Co-debtor Stay (Real Property) due to Plaintiff's failure to make post-petition payments to Defendant Mr. Cooper. On April 22, 2019, Agreed Order Conditionally Denying Motion for Relief from the Automatic Stay ("Order") was entered by Judge Bess M. Parrish Crewel. Pursuant to the Order, Plaintiff was to resume making her payment to Defendant Mr. Cooper beginning with her April 2019 payment. Per the Order, should Plaintiff fail to maintain her payments, "the Motion for Relief from Stay is granted if the Movant gives the Debtor, and the Debtor`s attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further order of the Court."

15. On July 25, 2019, Defendant Mr. Cooper's Bankruptcy Counsel mailed a notice of default to Plaintiff and Plaintiff's Bankruptcy Counsel pursuant to the Order entered April 22, 2019, stating Plaintiff was due for her June 2019 and July 2019 payments in the

amount of $1,271.66, less $606.34 suspense balance credit, for a grand total due of $665.32.

16.     On August 22, 2019, Defendant Mr. Cooper's Bankruptcy Counsel filed a Notice of Termination of Automatic Stay advising the Bankruptcy Court that a notice of default was issued pursuant to the April 22, 2019, Order and "Since issuance of the Notice, the delinquency has nor been cured and the loan remains in default.  As such, the automatic stay is terminated against the property now or formerly known as: 4001 PICKFAIR STREET, MONTGOMERY, AL 36116."

17.     After receipt of the Notice of Termination of Automatic Stay, Plaintiff's Bankruptcy Counsel contacted her to discuss the matter.  Plaintiff advised that she made all the payments.  She did not receive a notice of default, but all payments to Defendant Mr. Cooper.  Plaintiff was instructed by her Bankruptcy Counsel to get together proof of all payments she made and bring them to the office.

18.     On July 31, 2019, six days after the Notice of Default was issued, Plaintiff made a payment of $637.00.  On August 30, 2019, Plaintiff made another payment to Defendant Mr. Cooper in the amount of $637.00 for her August 2019 payment.  Defendant Mr. Cooper accepted both payments.  However, the payment made on July 31, 2019, that was received by Defendant Mr. Cooper before the expiration of the 20 days was $28.32 short.

19.     Plaintiff was not aware that she was only $28.32 short of the $665.32 needed to cure the default when she made the payment on July 31, 2019, and states had she realized she was short such a small amount, she would have certainly remitted that amount to Defendant Mr. Cooper before the expiration of the 20 days.

Page 5 of  17

Case 17-33383    Doc 42    Filed 01/27/20    Entered 01/27/20 08:47:45    Desc Main
Document    Page 5 of 17

20. On October 1, 2019, Plaintiff mailed two separate cashier's checks to Defendant Mr. Cooper, one in the amount of $32.00 to cure the small shortage owed to cure the default and the other in the amount of $637.00 for her September 2019 mortgage payment.

21. On October 2, 2019, Plaintiff, through her Bankruptcy Counsel, filed a Motion to Determine the Status of Mortgage and a copy of the motion was served on Defendant Mr. Cooper and their Bankruptcy Counsel, Rubin Lublin, LLC. A hearing on the motion was scheduled for October 17, 2019.

22. After the filing of the Motion to Determine the Status of the Mortgage, Plaintiff's Bankruptcy Counsel and Bankruptcy Counsel for Defendant Mr. Cooper exchanged correspondence via email regarding a settlement of the matter. The hearing that was set for October 17, 2019, was continued to allow additional time for the matter to be resolved.

23. On or around October 22, 2019, Plaintiff mailed her October 2019 payment in the amount of $637.00 to Defendant Mr. Cooper.

24. During this time, Defendant Mr. Cooper returned the two payments Plaintiff sent on October 1, 2019 in the amount of $32.00 and $637.00, respectively, and the payment Plaintiff sent on or around October 22, 2019, back to Plaintiff.

25. On November 14, 2019, a hearing was held before this Honorable Court, at which time neither Defendant Mr. Cooper nor their Bankruptcy Counsel appeared at the hearing. The Court reviewed the motion filed by Plaintiff's Bankruptcy Counsel and was

informed by said Counsel that Plaintiff paid the small oversight amount to Defendant Mr. Cooper when she realized the error.

26. On December 3, 2019, Judge William R. Sawyer entered an Order on Debtor's Motion to Determine Status of Mortgage ordering as follows:

> "1. The default stated in the July 25, 2019, Notice of Default filed by Nationstar Mortgage, LLC, dba Mr. Cooper, is cured.
>
> 2. The automatic stay against the property located at 4001 Pickfair Street, Montgomery, AL 36116, is still in effect.
>
> 3. Any future default by the Debtor will require an new Notice of Default to be filed by Nationstar Mortgage, LLC, dba Mr. Cooper, in accordance with the Court's Order entered on April 22, 2019, (CRT Doc #32)."

27. Prior to the Order being entered on December 3, 2019, and after, Plaintiff's Bankruptcy Counsel and Bankruptcy Counsel for Defendant Mr. Cooper continued to communicate via email correspondence regarding the matter. On November 27, 2019, Defendant Mr. Cooper's Bankruptcy Counsel advised that all payments Plaintiff had that were returned to her by Defendant Mr. Cooper, were to be sent to their office at an address they provided "...so they do not get turned away. Once the Order is entered, we will forward to our client."

28 Before the hearing set for November 14, 2019, Plaintiff received a letter Defendant Albertelli dated November 12, 2019, providing a breakdown of the principal balance, interest through November 12, 2019, late fees, lender paid expenses, escrow advances, corporate advances and outstanding attorney's fees & costs allegedly owed by Plaintiff. The letter further states as follows:

"Albertelli Law represents Nationstar Mortgage LLC d/b/a Mr. Cooper, the creditor and servicer of a loan related to the property at 4001 Pickfair Street, Montgomery, AL 36116 and this communication is governed by the Fair Debt Collection Practices Act "FDCPA", 15 USCS §§ 1692 et seq. As of today's date, our records indicate that based upon the terms of the Promissory Note and Mortgage associated with this loan, you owe the Total Claim amount listed above. An itemization of the unpaid balance, unliquidated damages and other contractual costs are provided above. Also, the terms of the Promissory Note and Mortgage also entitle the creditor to recover attorney's fee and costs which is the Outstanding Attorney's Fees & Costs listed above. Per the FDCPA:

IF, WITHIN THIRTY (30) DAYS AFTER YOU RECEIVE THIS NOTICE, YOU NOTIFY US, AS STATED ABOVE, THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED AND/OR THAT YOU REQUEST, VALIDATION AND/OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO CEASE OUR COLLECTION EFFORTS, EVEN IF WE HAVE ALREADY FILED THE LAWSUIT, UNTIL WE MAIL YOU INFORMATION VALIDATING THE DEBT AND/OR UNTIL WE PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

All correspondence with our firm should be directed to the following address: **Albertelli Law, One Independence Plaza, Suite 416, Birmingham, AL 35209**

**IF YOU ARE CURRENTLY PURSUING LOSS MITIGATION WITH THE CREDITOR OR A DEBTOR IN BANKRUPTCY:**

Please be advised that if you are currently pursuing loss mitigation with the creditor, or a debtor in bankruptcy or have been discharged in bankruptcy, this letter is provided to you for informational purposes to notify you of our Firm's legal retention. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan. If you previously received a discharge in a bankruptcy case involving this loan and did not sign a reaffirmation agreement, then this letter is not an attempt to collect a debt from you personally. This law firm is seeking solely to foreclose the creditor's lien on real estate and this law firm will not be seeking a personal money judgment against you.

Sincerely,

Albertelli Law

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**"

29. On December 11, 2019, after the Order on Debtor's Motion to Determine the Status of Mortgage was entered, Plaintiff's Bankruptcy Counsel mailed two separate letters. The first letter was sent to Defendant Mr. Cooper's Bankruptcy Counsel, Rubin Lublin, LLC, (per their instructions) via certified mail with a copy of Judge Sawyer's December 3rd Order, as well as four cashier's checks (three of which had previously been returned by Defendant Mr. Cooper) which represented Plaintiff's September 2019, October 2019 and November 2019 mortgage payments to Defendant Mr. Cooper as well as the shortage amount to cure the default. The letter further reiterated Judge Sawyer's Order that the notice of default filed on July 25, 2019, is cured and the automatic stay is still in effect. Also, that Plaintiff was due for her December 2019 payment.

30. The second letter sent on December 11, 2019, was to Defendant Albertelli acknowledging their November 12, 2019, letter and advising them of the filing of the motion to determine the status of Plaintiff's mortgage as well as a copy of Judge Sawyer's December 3, 2019, Order that the "default in her payments was cured and the automatic stay against the property located at 4001 Pickfair Street, Montgomery, AL 36116, is still in effect." Also provided was a copy of the December 3rd Order for their records. The letter to Defendant Albertelli was sent via first class mail and facsimile to the address and fax number listed in their November 12, 2019, letter.

31. On or about December 16, 2019, Plaintiff tried to call Defendant Mr. Cooper to make her December 2019 payment but was advised by a representative that she was behind and still owes a large balance and the payment would not be accepted. To avoid any additional delay, Plaintiff purchased a cashier's check in the amount of $637.00 and on December 17, 2019, mailed it to Defendant Mr. Cooper.

32. On December 30, 2019, Plaintiff advised her Bankruptcy Counsel that she received notice that there was a certified letter from Defendant Albertelli but she had not picked it up yet and would the next day.

33. On December 31, 2019, Plaintiff picked up the certificate mail from Defendant Albertelli from the post office and brought it to her Bankruptcy Counsel's office as well as a statement she received from Defendant Mr. Cooper.

34. The certified letter from Defendant Albertelli was dated December 16, 2019, and stated the following:

> "Please be advised the undersigned represents Nationstar Mortgage LLC d/b/a Mr. Cooper, who has retained Albertelli Law to initiate foreclosure proceedings in regard to the properly located at 4001 Pickfair Street, Montgomery, AL 36116.
>
> If you wish to reinstate your loan, please call our office and we will provide you with the amount necessary to do so which will include all past due payments due to your lender, late charges, and any other amounts provided to us by the lender as well as all applicable foreclosure fees and costs. All funds should be made payable to your lender via a certified check or money order only. Please do not send a personal check or non-certified funds as they will be returned to you and the sale will proceed as scheduled. Funds should be received by our office at One Independence Plaza, Suite 416, Birmingham, AL 35209. To ensure timely receipt of reinstatement funds, we request that all funds be received in our office no later than 48 hours prior to the scheduled sale date. DO NOT send funds directly to your lender as doing so will delay

any cancellation of the sale. Please call our office to verify the reinstatement amount prior to sending or delivering said funds to ensure the accuracy of the amount due on the date that you wish to reinstate.

**Failure to reinstate or payoff the property will result in this office proceeding with the foreclosure sale currently set for 01/27/2020.**

Alabama law gives some persons who have an interest in property the right to redeem the property under certain circumstances. Programs may also exist that help persons avoid or delay the foreclosure process. An attorney should be consulted to help you understand these rights and programs as a part of the foreclosure process.

If you have any questions, or need additional information, please do not hesitate to call.

Sincerely yours,

Albertelli Law

Enclosure; Notice of Sale

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

35. The statement from Defendant Mr. Cooper was dated December 18, 2019, and reflected a total amount due of $8,152.03. According to the statement, the total amount due included past due payments as well we Plaintiff's January 2020 mortgage payment.

36. On or around January 6, 2020, Plaintiff brought by another package she received, this time from Defendant Mr. Cooper, wherein was a letter dated December 31, 2019, with the subject line "**SUBJECT:** *Returning funds-Unacceptable Payment Amount"*, all payments previously sent to Defendant Mr. Cooper (10/01/19 for $32.00 {shortage owed from default}, 10/01/19 for $637.00 {September 2019 payment}, 10/16/19 $637.00 {October 2019 payment}, 11/15/19 {November 2019 payment} and 12/17/19 {December 2019

payment}, and stated the following:

> "At Mr. Cooper, we strive to keep our customers informed on matters relating to their loans.
>
> We recently received a payment on your behalf in the amount of $2,580.00. We are returning these funds as they are insufficient to bring your account current.
>
> As of the date of this letter, the total amount required to bring this account current is $8,570.55. Account statuses are subject to change. Please contact us for up-to-date account information and amounts owed.
>
> If you have any questions, please contact your Assigned Foreclosure Prevention Specialist Shaneta Jenkins at 9723168094 and ext 3168094 Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT) or via mail at the above listed mailing address. You can also visit us online at **www.mrcooper.com** for more information.
>
> Sincerely,
>
> Mr. Cooper
>
> Customer Service Department
>
> Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.
>
> **Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**
>
> If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for

informational purposes only and is not an attempt to collect a debt from you personally."

37. Four of the above payments included in Defendant Mr. Cooper's letter dated December 31, 2019, were sent to Defendant Mr. Cooper directly by their Bankruptcy Counsel, Rubin Lublin, LLC, after Plaintiff sent the payments to Rubin Lublin, LLC, per their request, when Defendant Mr. Cooper continued to return the payments to Plaintiff.

38. As of today's date, January 27, 2020, Plaintiff has received no notice that the foreclosure set today, January 27, 2020, has been cancelled. Additionally, Plaintiff has received no notice from either Defendant that the account is current.

39. Defendants both violated 11 U.S.C. §362(a) by engaging in post-petition efforts to collect a balance in the absence of an order modifying, terminating or granting relief from the automatic stay and/or in violation of an order that the automatic stay was still in effect at the time of their actions, for making threats of foreclosure and making direct contact with Plaintiff while the automatic stay was still in effect. Defendant Albertelli never removed the property from the estate by seeking court approval to terminate the stay under §362(d) in order to recover the estate property serving as their collateral.

40. Defendants violated 11 U.S.C. §362(a)(3) which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate ..."

41. Defendants violated 11 U.S.C. §362(a)(6) which prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title ...."

42. Defendants engaged in the aforesaid collection activities with knowledge of the underlying bankruptcy proceeding and in the absence of an order modifying, terminating or granting relief from the automatic stay of 11 U.S.C. §362(a).

## WILLFUL VIOLATIONS OF 11 U.S.C. §§362(a)

43. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

44. Defendants violated one or more provisions of 11 U.S.C. §362(a) as stated herein above.

45. Specifically, with actual knowledge of the underlying bankruptcy proceeding and in the absence of an order modifying, terminating or granting relief from the automatic stay, and/or in violation of an order that the automatic stay was still in effect at the time of their actions, Defendants engaged in post-petition activities to collect monies from Plaintiff.

46. Because of Defendants' indisputable knowledge of the underlying bankruptcy proceeding, Defendants undertook such violative collection actions intentionally and willfully.

47. As a direct and proximate result of Defendants' violations of the various provisions of 11 U.S.C. §362(a), Plaintiff has suffered damages including, but not limited to, embarrassment, anger, anxiety, stress, loss of the protections afforded by the automatic stay, and has been caused to employ the services of the undersigned counsel to assist with prosecution of this matter.

48. Because of Defendants' actions described herein above, Plaintiff was forced to retain counsel to prosecute this claim. 11 U.S.C. 362(k) provides that any individual injured

by a Defendant(s) willful violation shall recover attorney fees, costs, and in certain circumstances, punitive damages.

## COUNT II - CONTEMPT OF COURT

49. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

50. Defendants were fully aware of this Honorable Court's Order on Debtor's Motion to Determine Status of Mortgage entered on December 3, 2019.

51. Defendants intentionally violated an order by failing or refusing to comply with the Court Order dated December 3, 2019, to respond to any communications made by Plaintiff's Bankruptcy Counsel, and engaging in acts directed at continuing to violate the Court Order.

52. As a direct and proximate result of Defendants' violation(s), Plaintiff has suffered damages including, but not limited to, anger, anxiety, stress, humiliation, loss of the protections afforded by the automatic stay, and has been caused to employ the services of the undersigned counsel to assist with prosecution of this matter.

## COUNT III - VIOLATIONS OF 15 U.S.C. § 1692, et seq.

53. Plaintiff incorporates by reference herein each of the foregoing paragraphs.

54. Defendants violated 15 U.S.C. § 1692, et seq., the Fair Debt Collection Practices Act, by, to wit:

    a. Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f;
    b. Attempting to collect a debt not legally owed, using false and/or misleading representations, in violation of 15 U.S.C. §§1692e(2) and e(10); and

  c.  Taking illegal actions against Plaintiff in violation of 15 U.S.C. § 1692f(1).

55. As a direct and proximate result of Defendants' violation(s), Plaintiff has suffered damages including, but not limited to, anger, anxiety, stress, humiliation, loss of the protections afforded by the automatic stay, and has been caused to employ the services of the undersigned counsel to assist with prosecution of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully request this Honorable Court to enter an Order:

  a.  Holding Defendant in contempt of this Court for violating the automatic stay provisions of 11 U.S.C. § 362(a), and Order(s) entered by this Honorable Court, by virtue of 11 U.S.C. § 105(a);

  b.  Ruling that the automatic stay is not lifted pursuant to the Agreed Order Conditionally Denying Motion for Relief from the Automatic Stay as to Defendant Nationstar Mortgage, LLC, dba Mr. Cooper;

  c.  Ruling that Plaintiff is current in her post petition mortgage payments owed to Defendant Nationstar Mortgage, LLC, dba Mr. Cooper, through December 2019

  d.  Enjoining Defendants from further attempts to collect upon said indebtedness in the absence of the requisite relief;

  e.  awarding to Plaintiff and against Defendants actual, compensatory, and punitive damages for Defendant's violations of the automatic stay provisions of 11 U.S.C. §362(a), by virtue of 11 U.S.C. §105 (a);

Page 16 of 17

Case 17-33383    Doc 42    Filed 01/27/20    Entered 01/27/20 08:47:45    Desc Main
Document    Page 16 of 17

f. awarding to Plaintiff and against Defendants actual, compensatory, statutory and punitive damages for their violations of 15 U.S.C. §1692, et seq., pursuant to 15 U.S.C. § 1692(k);

g. awarding to Plaintiff attorney fees, costs and expenses of this litigation, which were necessitated by the wrongful action of Defendants, and for the present action, pursuant to 11 U.S.C. §362(k); and

h. awarding such other and further relief as this Honorable Court deems appropriate.

/s/ Paul D. Esco
PAUL D. ESCO ASB-3772-O61P
Attorney for Plaintiff/Debtor

OF COUNSEL:
PAUL D. ESCO
ATTORNEY AT LAW, LLC
2800 Zelda Road; Suite 200-7
Montgomery, Alabama 36106
334/832-9100
334/832-4527 [fax]
E-mail: paul.esco@aol.com

Page 17 of 17

Case 17-33383    Doc 42    Filed 01/27/20    Entered 01/27/20 08:47:45    Desc Main
Document    Page 17 of 17